560 F.Supp. 123 (1982)
Theodis BROWN, Plaintiff,
v.
HERALD CO., INC. a New York Corporation, d/b/a Globe Democrat Publishing Co., Defendant.
No. 82-0656-C(5).
United States District Court, E.D. Missouri, E.D.
September 1, 1982.
*124 Theodis Brown, pro se.
W. Munro Roberts, Jr., L. William Higley, Roberts & Henebhan, St. Louis, Mo., for defendant.

MEMORANDUM
CAHILL, District Judge.
This matter is before the Court on defendants' pretrial motions.
In this libel action, pro se plaintiff Theodis Brown seeks $500,000.00 in actual damages and $500,000.00 in punitive damages for an article printed by defendant on July 31, 1980.
Defendant Herald Company, Inc., moves to strike or in the alternative to dismiss the plaintiff's motion for summary judgment per Fed.R.Civ.P. 12(f) and 12(b). On July 12, 1982, this Court denied plaintiff's motion for summary judgment, for retraction, and to compel defendant to stop censorship of its freedom of speech. For this reason, defendant's motion to strike or in the alternative to dismiss plaintiff's motion for summary judgment is denied as moot.
Defendant moves for summary judgment under Fed.R.Civ.P. 56. Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. At the time of publication plaintiff was a public official or public figure in that he was a candidate for the elective public office of Sheriff of the City of St. Louis, Missouri. See Monitor Patriot Co. v. Roy, 401 U.S. 265, 271, 91 S.Ct. 621, 625, 28 L.Ed.2d 35 (1971). In New York Times Co. v. Sullivan, 376 U.S. 254, 279-80, 84 S.Ct. 710, 725-26, 11 L.Ed.2d 686 (1964), the Supreme Court held that the First and Fourteenth Amendments require a public official seeking to recover damages for a defamatory falsehood relating to his official conduct to prove that the statement was made with "actual malice" that is, with knowledge that it was false or with reckless disregard of whether it was false or not. Monitor Patriot Co., 401 U.S. at 270, 91 S.Ct. at 624.
In the face of a motion for summary judgment, in order to be entitled to proceed, plaintiff is required to show that he has sufficient probative substance to be able litigably to give rise to an issue of fact on whether such malice actually existed or not and unless the Court finds, on the basis of pretrial affidavits, depositions or other documentary evidence that the plaintiff can prove actual malice in the Times sense, it should grant summary judgment. LaBruzzo v. Associated Press, 353 F.Supp. 979, 987 (W.D.Mo.1973). Plaintiff is required to show with convincing clarity that defendants in fact entertained serious doubts as to the truth or falsity of the publication. In opposition to defendant's motion, plaintiff has merely alleged the converse of defendant's motion in a conclusional manner. This Court is mindful of the fact that plaintiff is pro se and that his pleadings, etc., should be construed liberally. Construing plaintiff's opposition, pleadings, and documents in the most liberal fashion, the Court concludes that plaintiff has not shown with convincing clarity via the facts of this case that defendant entertained serious doubts as to the truth or falsity of the publication.
Furthermore, in his affidavit, William Poe, former staff writer for the St. Louis *125 Globe-Democrat, who wrote the article in question, states that before writing the article he reviewed the answers of plaintiff to a questionnaire prepared by the St. Louis Globe-Democrat and the records of the Metropolitan Police Department concerning plaintiff, according to these sources and to the best of his knowledge and belief, they were true and accurate, and the article did not contain any known falsehood, nor did he (Poe) entertain any serious doubts as to the truth of the matter in the publication.
Moreover, in opposition to defendant's motion to strike or to dismiss plaintiff's summary judgment motion, plaintiff indicated on copies of newspaper articles that "no white paper in the state would print these true facts about me." It appears that he attributes this to the Globe-Democrat's (i.e., newspaper) influence. This statement was in reference to a paid political advertisement concerning plaintiff which states:
Elect Colonel Theodis Brown U.S. Senator Democrat 1982 Primary. He is a decorated valor award hero who deserves to serve. He has served you as a veteran lawman. Now he wants to serve you as a lawmaker. A vote for Colonel Brown is a vote for law and order. Colonel Brown has served as a member of the International Assoc. of Chiefs of Police, St. Louis Major Case Squad Investigator, St. Louis City policeman, St. Louis City fireman, he was a policeman in Upland Park, Mo., Hanley Hills, Missouri, and Kinloch as an assistant chief of police and one time chief of detectives; currently vice-president of Moreno Private Law enforcement agency of St. Louis, Missouri, and Chairman of the Agency Board of Private Police Commissioners.
Contrary to plaintiff's belief, however, the very same advertisement appeared in the St. Louis Globe-Democrat on Wednesday, July 14, 1982 on page 15A in the upper right hand corner.
Based on the preceding analysis, defendant's motion for summary judgment is granted. In that defendant's motion for summary judgment has been granted, plaintiff's motion to add co-defendants is denied.